UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY J. LAWS,<br><br>    Petitioner,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS,<br><br>    Respondent. | Case No. 1:21-cv-00262-HBK<br><br>FINDINGS AND RECOMMENDATIONS THAT COURT ABSTAIN FROM EXERCISING JURISDICTION AND DISMISS PETITION WITHOUT PREJUDICE[1]<br><br>OBJECTIONS DUE IN THIRTY DAYS<br><br>(Doc. No. 1)<br><br>ORDER DIRECTING CLERK TO ASSIGN CASE TO DISTRICT JUDGE |

    Petitioner Anthony J. Laws, a state prisoner proceeding *pro se*, has pending a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1). This matter is before the Court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. *See* R. Governing § 2254 Cases 4; 28 U.S.C. § 2243. Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). Because petitioner is currently appealing his conviction in state court, the undersigned recommends that

---

[1] The undersigned submits these factual finding and recommendation to the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

the petition be dismissed without prejudice to refiling once petitioner has exhausted his claims in the state court.

## I.   BACKGROUND

Petitioner initiated this case on February 25, 2021 by filing the instant petition. (Doc. No. 1). Petitioner challenges his 2019 conviction and sentence for, *inter alia*, murder and intentionally discharging a firearm entered by the Kern County Superior Court in case no. BF165010A. (*Id*. at 1). Petitioner is currently appealing his conviction before the California Court of Appeal. *See People v. Laws*, No. F081267 (Cal. 5th App. June 2, 2020).

## II.   APPLICABLE LAW

For purposes of § 2254 habeas review, a conviction if final when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Griffith v. Kentucky*, 478 U.S. 314, 321 n. 6 (1987). The seminal case of *Younger v. Harris*, 401 U.S. 37, 44 (1971) applies when a petitioner's conviction if not yet final. In *Younger*, the Supreme Court held that a federal court generally cannot interfere with pending state criminal proceedings. This holding, commonly referred to as the *Younger* abstention doctrine, is based on the principle of federal-state comity. *See id*. In the habeas context, "[w]here . . . no final judgment has been entered in state court, the state court proceeding is plainly ongoing for purposes of *Younger*." *Page v. King*, 932 F.3d 898, 902 (9th Cir. 2019). Absent rare circumstances, a district court must dismiss such actions. *See Cook v. Harding*, 190 F. Supp. 3d 921, 935, 938 (C.D. Cal. 2016), *aff'd*, 879 F.3d 1035 (9th Cir. 2018); *Perez v. Ledesma*, 401 U.S. 82, 85 (1971) ("Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown" is federal intervention in an on-going state criminal proceeding appropriate.).

## III.   ANALYSIS

Petitioner's state criminal conviction is not yet final. Petitioner is appealing his conviction before the California Court of Appeal. *See People v. Laws*, No. F081267 (Cal. 5th App. June 2, 2020). Petitioner has not stated any extraordinary circumstances that would warrant

this court's intervention. Accordingly, the undersigned recommends that petition be dismissed without prejudice to refiling once petitioner's state court proceedings have concluded and his state criminal conviction is final. 28 U.S.C. § 2244(d)(1)(A). Petitioner is forewarned that he also must exhaust his claims before the California Supreme Court before refiling his petition. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); 28 U.S.C. § 2254(b)(1)(A).

### IV.     CERTIFICATE OF APPEALABILITY

State prisoners in a habeas corpus action under § 2254 do not have an automatic right to appeal a final order. *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To appeal, a prisoner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2); *see also* R. Governing Section 2254 Cases 11 (requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner); Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Where, as here, the court denies habeas relief on procedural grounds without reaching the merits of the underlying constitutional claims, the court should issue a certificate of appealability only "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*. Here, reasonable jurists would not find the undersigned's conclusion debatable or conclude that petitioner should proceed further. The undersigned therefore recommends that a certificate of appealability not issue.

Accordingly, it is now ORDERED**:**

The Clerk of Court is directed to assign a district judge to this case.

It is further RECOMMENDED:

1. The petition (Doc. No. 1) be DISMISSED without prejudice.

2. No certificate of appealability be issued.

3. The Clerk of Court be directed to terminate any pending motions/deadlines and close this case.

### NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   March 10, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE