| | |
|---|---|
| ANTHONY J. LAWS,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS,<br><br>　　　　　　Respondent. | Case No. 1:21-cv-00262-NONE-HBK<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY, AND DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE AND CLOSE CASE</u><br><br>(Doc. Nos. 1, 5) |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Petitioner Anthony J. Laws is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 11, 2021, the assigned magistrate judge issued findings and recommendations recommending that the pending petition be dismissed. (Doc. No. 5.) Petitioner is currently appealing his underlying state criminal conviction before the California Court of Appeal (Doc. No. 1 at 2), as a result of which it is clear that the judgment of conviction he seeks to challenge in these proceedings is not yet final. (*See* Doc. No. 5 at 2–3). The pending findings and recommendations were served on petitioner at his address of record and contained notice that any

/////

1

objections thereto were to be filed within thirty (30) days of service. (*Id*. at 4.) To date, no objections have been filed and the time in which to do so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Having determined that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. The federal rules governing habeas cases brought by state prisoners require a district court issuing an order denying a habeas petition to either grant or deny therein a certificate of appealability. *See* Rules Governing § 2254 Case, Rule 11(a). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal, rather an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *see also* 28 U.S.C. § 2253(c)(1)(A) (permitting habeas appeals from state prisoners only with a certificate of appealability). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard, *id.* § 2253(c)(3). In the present case, the court finds that reasonable jurists would not find the court's rejection of petitioner's claims to be debatable or conclude that the petition should proceed further. Thus, the court declines to issue a certificate of appealability.

Accordingly:

1. The findings and recommendations issued on March 11, 2021 (Doc. No. 5) are adopted in full;

2. The petition for writ of habeas corpus (Doc. No. 1) is dismissed without prejudice;

3. The court declines to issue a certificate of appealability; and

4. The Clerk of the Court is directed to assign a district judge to this case for the purpose of closing the case and then to enter judgment and close the case.

IT IS SO ORDERED.

Dated: **May 28, 2021**

UNITED STATES DISTRICT JUDGE

3